IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JALEN JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-cv-1176-E |
| | § | |
| GREGORY BROWN AND SAMMONS | § | |
| TRANSPORTATION, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's Motion for Default Judgment (Doc. No. 6) and Defendants' First Amended Motion to Set Aside Clerk's Entry of Default (Doc. No. 11). The Court denies Plaintiff's motion, grants Defendants' motion, and sets aside the Clerk's entry of default.

Plaintiff Jalen Jones filed this action in state court on December 24, 2019, against Defendants Gregory Brown and Sammons Transportation, Inc. On January 16, 2020, Plaintiff filed an amended petition. In late January 2020, Plaintiff purported to serve Defendants by delivering a copy of the citation and amended petition to the Chair of the Texas Transportation Commission.

On March 19, 2020, Defendants filed a Motion to Quash Defective Service of Process, arguing that service was not obtained in compliance with applicable law. The motion included a general denial, subject to the Court's ruling on the motion to quash. On April 10, 2020, the state court judge ruled that the service attempted by Plaintiff on Defendants was defective. The judge granted the motion to quash and ordered that Defendants were deemed served as of the date of the Order. Defendants then removed the case to this Court based on diversity of citizenship.

1

On August 10, 2020, Plaintiff filed a combined request for Clerk's entry of default and motion for default judgment against both Defendants. The next morning, August 11, Defendants filed a First Amended Answer. Subsequently that same morning, the Clerk entered default against both Defendants.

In his motion for default judgment, Plaintiff contends Defendants did not timely file an answer under Federal Rule of Civil Procedure 81(c)(2). Rule 81(c)(2) provides that a defendant who did not answer before removal must answer within the longest of these time periods: (1) 21 days after receiving, through service or otherwise, a copy of the initial pleading stating the claim for relief; (2) 21 days after being served with the summons for an initial pleading on file at the time of service; or (3) 7 days after the notice of removal is filed. *See* FED. R. CIV. P. 81(c)(2). Plaintiff argues Defendants' answer was due on May 15, 2020, 7 days after removal.[1]

In their response to Plaintiff's motion and in their own motion to set aside the Clerk's entry of default, Defendants assert they entered a general denial in state court prior to removal. The record reflects that Defendants' motion to quash contains an "alternative" general denial "subject to the Court's ruling as to the foregoing Motion to Quash." Defendants assert their general denial became effective when the state court judge ruled on the motion to quash. *Cf. Allright, Inc. v. Roper*, 478 S.W.2d 245, 247–48 (Tex. App.—Houston [14th Dist.] 1972, writ dism'd w.o.j.) (citing *London Assur. Corp. v. Lee*, 18 S.W. 508 (1886) (court did not err in finding defendant did not answer where answer was conditioned on court overruling motion to quash and court granted motion to quash). In his response to the motion to quash, Plaintiff acknowledged Defendants'

---

[1] Plaintiff's motion for default judgment also states Defendants' answer was due on August 6, 2020. Plaintiff incorrectly states that on July 23, 2020, the Court ordered Defendants to answer and Defendants failed to answer as ordered. On July 23, 2020, the Court instead ordered Defendants to supplement the notice of removal with their answers by August 6, 2020. The civil cover sheet attached to the notice of removal indicated Defendants answered in state court, but the Court had not seen the answer included within the "Motion to Quash Defective Service of Process."

motion contained a general denial and argued Defendants had made an appearance before the Court.  Plaintiff's motion for default, however, does not mention the general denial contained in the motion to quash.  Plaintiff did not file a reply in support of his motion for default judgment or file a response to Defendants' motion.

Because Defendants' motion to quash, filed prior to removal, contained an answer that was subject to the Court's ruling on the motion to quash, Plaintiff's argument about the time for answering after removal under Rule 81(c)(2) does not apply.  Accordingly, the Court denies Plaintiff's motion for default and grants Defendants' motion to set aside default.  The Court orders that the Clerk's entry of default against both Defendants (Doc. No. 9) be set aside.

**SO ORDERED.**

Signed October 27, 2020.


_____
ADA BROWN
UNITED STATES DISTRICT JUDGE